IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) CRIMINAL NO. 19-92 |
| JASON A. EARLY, | ) |
| Defendant. | ) |

AMBROSE, United States Senior District Judge

# MEMORANDUM ORDER OF COURT

Defendant filed an Emergency Motion for A Sentence Reduction pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by §603(b)(1) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). (ECF No. 36). On April 15, 2020, this Court denied the Emergency Motion without prejudice, to renew once Defendant had exhausted all of his administrative remedies. (ECF No. 39). On May 6, 2020, Defendant filed a Renewed Motion for Compassionate Release. (ECF No. 42). The Government filed a Response opposing Defendant's Renewed Motion. (ECF No. 47). After careful consideration, and for the reasons set forth below, I am denying the Motion (ECF No. 42) without prejudice.

On April 24, 2019, Defendant plead guilty to a one count Information charging him with Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C.§2252(a)(4)(B). On September 9, 2019, Defendant was sentenced to 37 months' imprisonment and 10 years of supervised release. Defendant seeks a reduction in his sentence asking this court to "re-sentence him to a sentence of time-served followed by a term of supervised release" pursuant to 18 U.S.C. §3582(c), referred to as the "Compassionate Release" statute, due to an alleged heightened risk of contracting COVID-19. (ECF No. 36, pp. 1-2).

Specifically, Defendant asserts that he has one lung "which does not function properly and adversely affects his breathing." (ECF No. 42, ¶20).  In that regard, Defendant acknowledges that when he was interviewed by the Probation Office, Defendant advised that his physical condition is "outstanding" and having one lung does not hinder any of his activity.  (ECF No. 42, ¶19). Defendant states that "[i]t is only because of this surprise pandemic that defendant's lung condition has become a life threatening health condition." (ECF No. 42, ¶20).  Defendant asserts that he has exhausted his administrative remedies and that he has demonstrated extraordinary and compelling reasons warranting a compassionate release.  (ECF No. 42).

A district court has limited authority to modify a sentence. The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i).

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) **the court,** upon motion of the Director of the Bureau of Prisons, **or upon motion of the defendant _after_ the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf _or_ the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction….

18 U.S.C. §3582(c)(1)(A)(i) (emphasis added). Consequently, before a prisoner can file a compassionate release motion, administrative rights must be exhausted in one of the two ways set forth above.

To "fully exhaust all administrative remedies" under the first way a defendant may move to modify the terms of imprisonment, the regulations provide as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

> (a) When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).
>
> (b) When an inmate's request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall provide the inmate with a written notice and statement of reasons for the denial. This denial constitutes a final administrative decision.
>
> (c) When the Director, Bureau of Prisons, denies an inmate's request, the Director shall provide the inmate with a written notice and statement of reasons for the denial within 20 workdays after receipt of the referral from the Office of General Counsel. A denial by the Director constitutes a final administrative decision.
>
> (d) Because a denial by the General Counsel or Director, Bureau of Prisons, constitutes a final administrative decision, an inmate may not appeal the denial through the Administrative Remedy Procedure.

28 C.F.R. § 571.63.  Defendant does not contend that he has fully exhausted all administrative remedies in this manner.

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, also permits a defendant to seek a modification of his sentence after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  Defendant relies on this second manner of exhaustion to move for compassionate release.  (ECF No. 42, p. 2).

In this case, Defendant is incarcerated at FCI Elkton. On April 6, 2020, Defendant sent the Warden of FCI Elkton an email requesting compassionate release. (ECF No. 44-1).[1] On April 23, 2020, the Warden, Mark M. Williams, formally responded to Defendant in a letter denying his request for compassionate Release/Reduction in Sentence. (ECF No. 44-4). Therein, Warden Williams stated, *inter alia,* that Defendant's request was evaluated consistent with BOP Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582(c)(1)(A) and 4205(g). Id.* Warden Williams advised Defendant that Health Services staff reviewed his medical records and determined that Defendant did not meet the criteria. *Id.* Based on the above, Warden Williams determined that Defendant's case did not "warrant an early release from" his sentence. *Id.* Therefore, Warden Williams denied Defendant's request. *Id.* Defendant filed his renewed Motion with this Court on May 6, 2020. (ECF No. 42). Despite acknowledging that the "First Step Act requires a defendant to give the BOP thirty days to respond to a request for compassionate release," (ECF No. 42, ¶9) and despite the fact that the Warden formally denied Defendant's request within that time-frame, Defendant submits that he has exhausted his administrative remedies simply because '[t]hirty days has expired since the warden received defendant's request." *Id.*

Defendant's reading of the statute is misplaced. Courts have interpreted the statue to mean that an inmate must fully exhaust his administrative remedies unless his or her warden does not respond to the inmate's request within 30 days. *See United States v. Nance*, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020). In other words, a defendant must wait to file a motion with this Court until either his administrative request related to

---

[1] Thereafter, Defendant sent additional information to the Warden. (ECF Nos. 44-2, 44-3). Defendant also completed a Request for Administrative Remedy Informal Resolution Form on April 15, 2020. (ECF No. 44-5). On April 20, 2020, the Warden responded by email to Defendant "You do not meet the criteria for release on home confinement due to your current conviction for a sex offens. (sic)" (ECF No. 44-6). Also, on April 20, 2020, Defendant completed a Request for Administrative Remedy that he sent to the Warden. (ECF No. 44-7). On April 22, 2020, Defendant completed a Regional Administrative Remedy Appeal form that he sent to the "Regional Director." (ECF No. 44-8).

compassionate release is denied and he fully exhausts all administrative rights to appeal or thirty days have passed from the date he made the application *with no response from the warden*, whichever occurs first. *Id.* ("[C]ases indicate that this statutory exhaustion requirement has been interpreted to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request."), *citing, United States v. Bolino*, No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020). *See also, United States v. Bevans-Silva,* No. CR 416-352, 2020 WL 2475079 (S.D. Ga. May 13, 2020); *United States v. Samuels*, No. CR 11-00011-11, 2020 WL 2499545, at *2 (W.D. La. May 13, 2020); *United States v. McCallister,* Cr. Action No. 13-00320-01, 2020 WL 1940741, at *2 (W.D. La. April 21, 2020);  *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020) ("Under the First Step Act…it is possible for inmates to file compassionate-release motions—under the 30-day lapse provision—when their warden *never* responds to their request for relief."); *United States v. Mattingley*, No. 6:15-CR-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020); *United States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019)(To exhaust administrative remedies, a defendant "first submits his request to BOP and either (1) complete the administrative appeal process, if BOP denies his request; or (2) wait 30 days from BOP's receipt of his request to deem its lack of response a denial of his request.").

In this case, Warden Williams responded to Defendant's request within 30 days of receipt. Consequently, Defendant is obligated to complete the administrative appeal process. Therefore, this Court finds that Defendant has failed to exhaust his administrative remedies.

In the alternative, Defendant again asserts that this Court may waive the exhaustion requirement inferring that the exhaustion requirement is not mandatory.  (ECF No. 42, pp. 2-4). As set forth in my order dated April 15, 2020, exhaustion of his administrative remedies is mandatory.  *See, United States v. Raia*, No. 20-1033, 2020 WL 1647922 (3d Cir.  Apr. 2, 2020). In *Raia*, the Court of Appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19, and held that the "exhaustion requirement takes on added – and critical

– importance." *Raia*, 2020 WL 1647922, at *2.  The BOP is in the best position to consider the myriad of factors necessary in rendering a decision.  *Id.*

The Court acknowledges Defendant's concerns about the COVID-19 outbreak at FCI Elkton.  As of May 19, 2020, the BOP reports that FCI Elkton has 137 inmates positive, eight staff positives, and nine deaths.  *See,* https://www.bop.gov/coronavirus/ (last visited May 19, 2020).  The issue is being addressed, however.

> Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, **FCI Elkton**, and similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at  https://www.justice.gov/file/1266661/download (last visited 4/20/2020). The BOP is actively executing the mandate to immediately review all inmates who have COVID-19 risk factors…. [T]he BOP is uniquely situated to perform such reviews in the first instance to determine if some type of release, removal, or furlough is appropriate. The better judgment in this instance is to allow the BOP's established process a chance to work.

*Samuels*, at *2 (emphasis added).  As the Government acknowledges, "large numbers of medically-vulnerable prisoners were ordered transferred or released due to the conditions at Elkton."  *See,* ECF No. 47, p. 3, citing *Wilson v. Williams,* -- F.Supp.3d --, No. 4:20-cv-794, 2020 WL 1940882  (N.D. Ohio April 22, 2020).   "Whether through their own policies or court orders, the Bureau is releasing vulnerable inmates and lessening overall population in the facility. The reduced population should help contain the virus's impact at the facility."  *United States v. Robinson,* No. 5:18CR627, 2020 WL 2519663, at *4 (N.D. Ohio May 18, 2020).

The fact remains, however, that Defendant must exhaust his administrative remedies before he may seek relief in this Court.

THEREFORE, this 21st day of May, 2020, Defendant's Renewed Motion for Compassionate Release (ECF No. 42) is denied without prejudice.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge